**Jackey Don WATSON, Appellant,**

**v.**

**Thomas MOSS and John C. Clobes, Individually, Third District Police Station, Appellees.**

No. 79–1725.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1980.

Decided April 24, 1980.

William J. Dye, Jr., Wunderlich, Dye & Brown, St. Louis, Mo., for appellant.

John J. FitzGibbon, Associate City Counselor, St. Louis, Mo., for appellees.

Before STEPHENSON, Circuit Judge, KUNZIG,* Court of Claims Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Plaintiff-appellant Watson brought this action under 42 U.S.C. § 1983, alleging defendant police officers assaulted and beat him without provocation in the course of their duties investigating a burglary, and after an exchange of gun-fire. The district court[1] appointed counsel, and a jury trial resulted in a verdict for the defendants. On appeal, Watson alleges his appointed counsel failed to provide him effective assistance of counsel, and seeks a new trial. We affirm the judgment of the district court.

---

\* The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

In this case an application to proceed in forma pauperis was granted and counsel was provided for Watson pursuant to 28 U.S.C. § 1915(d), which permits the court in a civil case to "request an attorney to represent any such person [who is] unable to employ counsel."

Watson's argument is basically as follows. In criminal cases involving appointed counsel, the Sixth Amendment requires a defendant to have effective assistance of counsel, which is defined as "that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir. 1978). Watson contends this should be extended to civil cases instituted under 42 U.S.C. § 1983 alleging violations of Fourteenth Amendment rights. Watson contends that if inadequacy of counsel is then demonstrated, plaintiff should be entitled to a new trial. We disagree.

 Initially, there is a substantial difference between the constitutional rights of an accused in a criminal proceeding, and those of a plaintiff in a civil action. The stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Fed.R.Crim.P. 44 do not apply to civil proceedings. *See United States v. Rogers,* 534 F.2d 1134 (5th Cir.), *cert. denied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976); *Reid v. Charney,* 235 F.2d 47 (6th Cir. 1956); *Rhodes v. Houston,* 258 F.Supp. 546 (D.Neb.1966), *aff'd,* 418 F.2d 1309 (8th Cir. 1969), *cert. denied,* 397 U.S. 1049, 90 S.Ct. 1382, 25 L.Ed.2d 662 (1970). There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. *Peterson v. Nadler,* 452 F.2d 754, 757 (8th Cir. 1971). It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case.

A second reason for denying Watson's claim is the desire to treat plaintiffs with court-appointed counsel and plaintiffs with privately obtained counsel equally. The Supreme Court has stated court-appointed and private counsel in criminal cases have the same duties, burdens, and responsibilities. *Ferri v. Ackerman,* 444 U.S. 193, 200, 100 S. Ct. 402, 407, 62 L.Ed.2d 355 (1979). A party with privately retained counsel does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice. Appointed counsel are not immune from a suit for malpractice, *see Ferri v. Ackerman, supra,* 100 S.Ct. at 409, so Watson's remedies are the same as any other civil rights plaintiff.

Because we conclude there is no right to a new trial for alleged ineffective assistance of counsel appointed in a civil case pursuant to 28 U.S.C. § 1915(d), we do not express an opinion as to the adequacy of Watson's counsel in the instant case.

Affirmed.