Dorothy ALLEN, Appellant,

v.

BARNES HOSPITAL, Appellee.

No. 83–1794.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1983.

Decided Nov. 28, 1983.

Rehearing Denied Dec. 29, 1983.

George O. Suggs, St. Louis, Mo., for appellant Dorothy Allen; Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., of counsel.

William J. Travis, Gerald M. Richardson, St. Louis, Mo., for defendant-appellee Barnes Hosp.; Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, Mo., of counsel.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and COLLINSON, Senior District Judge.[*]

PER CURIAM.

Plaintiff-appellant Dorothy Allen filed a pro se complaint alleging that she had been fired from her job as a transcriptionist at Barnes Hospital because of her race, in violation of Title VII and 42 U.S.C. § 1981. After a one-day trial, the district court,[1] 565 F.Supp. 607, found that she had been fired because she refused to answer the telephones in direct defiance of directions from her supervisor. On appeal, Allen does not challenge this finding, but argues that she was denied her right to a jury trial, that her

---

[*] The Honorable William R. Collinson, United States Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

[1] The Honorable Clyde S. Cahill, United States District Judge, Eastern District of Missouri.

court-appointed attorney was ineffective, and that the district court erred in not ruling on her due process claim. We affirm.

In both her pro se complaint and the amended complaint filed by her court-appointed attorney, Allen requested a jury on both the Title VII claim and the § 1981 claim. For some unknown reason, the case was placed on the court's nonjury docket eighteen months before trial. Neither Allen nor her attorney objected. Nor did Allen or her attorney object at any point during the trial before the district court, when the absence of a jury was obvious. Failure to object to the submission of a case to the judge instead of a jury usually waives the right to a jury trial, and we see no reason not to apply that rule here. *Chapman v. Kleindienst,* 507 F.2d 1246, 1253 (7th Cir.1974); *Smith v. Cushman Motor Works,* 178 F.2d 953, 954 (8th Cir.1950).

Allen's second argument is that her court-appointed attorney was ineffective. First, from our reading of the transcript, Allen's attorney seems to have done a good job; the district court characterized his work as "exemplary." Second, even if Allen's attorney did just as Allen alleges in her brief on appeal, he would not have abdicated his duty to provide competent legal assistance. Third, the stringent standards of the sixth amendment do not apply to civil proceedings. *Watson v. Moss,* 619 F.2d 775, 776 (8th Cir.1980). Allen had no right to a court-appointed attorney, and it follows that she is not entitled to a new trial, any more than a litigant with retained counsel, in the event of attorney incompetence. *Id.*

Finally, Allen argues that the district court erred by failing to rule on her fourteenth and thirteenth amendment claims. Allen's amended complaint mentions those amendments in passing, but no theory of recovery under those amendments is outlined, nor are there any facts alleged to support such claims were they to be inferred. There was little evidence put forth at trial on such claims. The attorneys and the district court tried the case as if it contained only racial discrimination claims. We cannot say the district court erred in failing to rule on other claims not clearly presented to it.

The judgment of the district court is affirmed.