861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. KIMSEY, Plaintiff-Appellant,
v.
Iva M. NELSON; Bruce Vicory; Dan Baker, Lt.; Brooks
Kirkland, Sgt.; Swat Team Officer 1; Swat Team
Officer 2; Rebecca Wolfe; David M.
Wolfe, Defendants-Appellees.
 No. 88-3032.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1988.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and CHARLES R. SIMPSON, III, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner moves for the appointment of counsel in this appeal from the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983 and his pendent state claims. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking compensatory damages and return of his property, plaintiff James Kimsey alleged that defendants wrongfully deprived him of his personal property. In August, 1983, plaintiff killed Margaret Taylor with whom he had been living and purportedly held his children hostage in his home until persuaded by the police to surrender. Subsequent to his surrender and arrest, his personal property was removed from the residence; he alleged that several items were lost.
 
 
 4
 The case was assigned to a magistrate with the consent of the parties pursuant to 28 U.S.C. Sec. 636(c). The magistrate granted Kimsey's motion for appointment of counsel and set the matter for trial. Following the close of plaintiff's evidence, defendants moved for dismissal pursuant to Fed.R.Civ.P. 41(b). The magistrate found defendants' testimony was more credible than Kimsey's and that Kimsey failed to prove defendants were responsible for the loss of his property; judgment was entered for defendants. On his own motion, the magistrate entered an amended judgment for defendants Kirkland and Brooks on additional grounds that the civil rights action was barred by the statute of limitations.
 
 
 5
 On appeal, Kimsey asserts claims of judicial misconduct and ineffective assistance of counsel and reasserts his claims of wrongful deprivation of his property.
 
 
 6
 Upon review, we conclude that the magistrate's findings of fact are not clearly erroneous. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). Even if we assumed for sake of review that the complaint was timely, the action was properly dismissed under Fed.R.Civ.P. 41(b). Moreover, Kimsey's assertions of judicial misconduct lack merit. Finally, contrary to Kimsey's assertions, he has no constitutional right to effective counsel in a civil matter. Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980).
 
 
 7
 This case also was dismissed based on a statute of limitations bar. In view of our disposition on other grounds, we have no occasion to rule on this question.
 
 
 8
 Accordingly, the motion for appointment of counsel is denied. The district court's judgment of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III., U.S. District Judge for the Western District of Kentucky, sitting by designation