James C. COLEMAN, Plaintiff,

v.

Susan D. McHENRY, Defendant.

Civ. A. No. 89–00787.

United States District Court,
E.D. Virginia,
Richmond Division.

April 24, 1990.

Sa'ad El–Amin, Richmond, Va., for plaintiff.

Barbara J. Gaden, Asst. Atty. Gen., Carol S. Nance, Office of Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment, pursuant to Fed.R.Civ.P. 12(b)(6) and 56(b). The matter has been fully briefed and argued and is ripe for disposition. Jurisdiction is based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Plaintiff Coleman is an African–American and former employee of the Division of Emergency Medical Services of the Virginia Department of Health ("EMS"). He brings this § 1983 action, seeking declaratory, compensatory, and punitive relief, against Defendant, the white director of EMS, charging that she discriminated against him on account of his race and retaliated against him for exposing alleged unethical practices within EMS. Defendant moves for dismissal or, in the alternative, for summary judgment, on the grounds that Plaintiff's claims are barred by the Eleventh Amendment, that even if properly sued she is entitled to qualified immunity, and that deficiencies in several of the individual counts are fatal to the claims.

*Background*

Plaintiff was initially hired as an hourly employee of EMS on August 8, 1989. On September 16, 1989, he was hired as a full-time salaried Information Systems Coordinator. Pursuant to Commonwealth employment policy, Plaintiff was required to work for six months on probationary status. Probationary employees are subject to termination at the will of the agency.

Plaintiff's complaint alleges that Defendant discriminated against him in three instances on account of his race and in retaliation for Plaintiff's revelations of alleged improprieties. First, Plaintiff applied for his immediate superior's position after his superior's resignation. He was interviewed by a panel of three persons, one of whom was Defendant, but the position was ultimately offered to a white male who Plaintiff claims is less qualified than Plain-

tiff.[1] Plaintiff contends that the denial of the promotion to Plaintiff was racially motivated. Second, Plaintiff contends that during his tenure at EMS, he uncovered a number of improprieties with regard to the agency's procedures and especially with regard to the agency's contract with KCL, a computer consulting firm. Plaintiff brought these alleged improprieties to Defendant's attention, but claims that Defendant failed to take any action on them. Plaintiff was subsequently fired by Defendant on Nov. 20, 1989. At the time, Defendant told Plaintiff he was being terminated because he didn't fit in, was not a team player, and kept everyone on pins and needles. Plaintiff claims that he was terminated in retaliation for his revelations of the alleged improprieties. Finally, after Plaintiff was terminated, Defendant refused to pay him for his accrued compensatory time on the ground that Plaintiff was an exempt employee under the Fair Labor Standards Act and thus not entitled to such compensation. Plaintiff alleges that the Commonwealth's personnel policy allows exempt employees to be compensated for accrued compensatory time and that a white exempt employee who was terminated by Defendant after Plaintiff's termination was so paid. Plaintiff claims that the denial of compensation was racially motivated and was also in retaliation for his revelations of the alleged improprieties.

*Discussion*

At the outset, the Court notes that in reviewing the sufficiency of a complaint, a federal court must consider only whether the plaintiff is entitled to offer evidence to support his claims, not whether he is likely to ultimately prevail. *See, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Furthermore, the court must construe all allegations in the complaint favorably to the plaintiff. *Id.*

1. Failure to State A Claim Under § 1983

Plaintiff's complaint contains four counts, but only the discriminatory denial

of a promotion claim in Count II, and Counts III and IV allege acts by Defendant. Count I and the discriminatory denial of an interview claim in Count II is therefore dismissed for failure to state a claim against Defendant. Plaintiff's complaint also alleges that his due process rights were violated, but he has since conceded that his complaint fails to state a due process claim. Brief in Support of Plaintiff's Motion to Deny Defendant's Motion to Dismiss at 23. Plaintiff's due process claims are accordingly dismissed as well.

*Eleventh Amendment Immunity*

Defendant contends that, notwithstanding the fact that the complaint names her as a defendant in her individual capacity, she is being sued in her official capacity. Therefore, Defendant argues, the Commonwealth of Virginia is the true party in interest and Plaintiff's suit is barred by the Eleventh Amendment.

■ The Eleventh Amendment acts as a jurisdictional bar to all suits brought in federal court against a state by one of its citizens. *Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). The amendment also bars suits against state officials when the state is the true party in interest. *Id.* at 101, 104 S.Ct. at 908. However, the amendment provides no immunity to state officials accused of unconstitutional action. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Furthermore, damages are sometimes available against individual defendants despite the fact that they are state officials. *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974).

■ Defendant maintains that she is being sued in her official capacity because the actions of which Plaintiff complains were all taken within Defendant's authority as Director of EMS. While Defendant apparently did have authority to make personnel decisions such as those at issue here, she

1. Plaintiff does not allege any facts to support his claim that he is more qualified than the

selected applicant.

did not have authority to make them on the basis of race. Therefore, if she indeed discriminated against Plaintiff on account of his race, she did so in her individual capacity. To hold otherwise would allow state officials to ignore the mandates of the Constitution simply because of the coincidence of their employer. Defendant's motion to dismiss Plaintiff's complaint as barred by the Eleventh Amendment must therefore be denied.

### Qualified Immunity

■■■ Defendant further maintains that she is protected from § 1983 liability because as a state official she has qualified immunity for the good faith performance of her official duties. Public officials are generally entitled to such immunity. *See, e.g., Harlow and Butterfield v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). However, qualified immunity is not available where the official knew or should have known that his actions would violate the constitutional rights of the plaintiff. *Harlow,* 457 U.S. at 815, 102 S.Ct. at 2736 (citing *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1974)). The complaint here alleges that Defendant subjected Plaintiff to racial discrimination and retaliation for his revelation of alleged improprieties at EMS. The constitutional right to be free from such actions is well-established, and in the unlikely event that Defendant was actually unaware of this, such ignorance is unreasonable. Thus the defense of qualified immunity, is not available to Defendant on the claims presented here, and Defendant's motion to dismiss on the ground of qualified immunity must be denied.

### Plaintiff's First Amendment Claims

■■■ Defendant contends that Plaintiff has failed to establish that his revelations of alleged improprieties at EMS were constitutionally protected speech, and that therefore Plaintiff's claims of retaliatory discharge and denial of compensation should be dismissed.

In order to prevail on his retaliation claims, Plaintiff must show as a threshold matter that his speech was constitutionally protected because it addressed a matter of public concern. *Barnes v. McDowell,* 848 F.2d 725, 732 (6th Cir.1988)(citing *Rankin v. McPherson,* 483 U.S. 378, 384, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987). Allegations that public monies are being spent unwisely and that a government program is being run inefficiently address matters of public concern because of the implication that a public agency or official is corrupt. *Id.* at 734. Plaintiff's allegations concerning certain EMS procedures and the KCL contract carry just such an implication and therefore address a matter of public concern. Defendant's motion to dismiss for failure to state a first amendment claim will therefore be denied.

### Plaintiff's Demands for Punitive Damages and Injunctive Relief

■■■ Plaintiff's demand for punitive damages cannot be adequately addressed before trial or at least before further discovery is made. As for his demand for declaratory relief, such relief is a matter for the Court's discretion and it is inappropriate for the Defendant to move for dismissal of the demand at this time. Defendant's motion to dismiss these demands is therefore premature and must be denied.

### Conclusion

For the reasons discussed above, Defendant's motion to dismiss will be granted with regard to Count I, to the discriminatory denial of an interview claim in Count II, and to the denial of due process claim in Count III, but denied as to all remaining claims in Counts II through IV.

### 2. Summary Judgment
### Racial Discrimination Claims

■■■ Counts II through IV of Plaintiff's complaint allege that he was discriminated against on account of his race in connection with his denial of a promotion, his termination, and his denial of compensation for accrued compensatory time. In support of her motion for summary judgment on these claims, Defendant has submitted four affidavits from her superiors stating generally

that Defendant's actions were proper and within her authority.

A party moving for summary judgment need only show the court that there is an absence of evidence to support the nonmoving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this showing has been made, the nonmoving party must go beyond the pleadings and by affidavits or discovery materials "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

With regard to Plaintiff's termination, Defendant submitted the affidavit of Raymond Perry, Director of the Office of Health Planning and Regulatory Services of the Virginia Department of Health. Perry's affidavit states that he is Defendant's supervisor and that he had directed Defendant to take "all actions necessary, up to and including the termination of [Plaintiff's] employment" because of difficulties resulting from Plaintiff's performance and interpersonal relations with other staff members. Perry's affidavit specifically denies that these difficulties were related to his race. With regard to Plaintiff's denial of a promotion and denial of compensation for his accrued compensatory time, Defendant submitted the affidavit of Robert D. Swander, Director of the Office of Human Resources. The affidavit states that he supervises the administration of all personnel policies and procedures within the Department of Health. Swander's affidavit further states that Plaintiff was found not to be the best-qualified individual for the promotion he sought and that Plaintiff's request for payment for his accrued compensatory time was found not to be allowable under written Commonwealth policy concerning employees exempt under the Fair Labor Standards Act. Defendant has therefore not only pointed to a lack of evidence supporting Plaintiff's claims, but has submitted evidence tending to negate Plaintiff's claims altogether. In response, Plaintiff has submitted his own affidavit restating the facts alleged in the complaint. Plaintiff's affidavit contains no facts whatsoever supporting his claims of racial discrimination in connection with his denial of promotion, termination or denial of compensation. Summary judgment will therefore be entered for Defendant on Plaintiff's racial discrimination claims.

### Retaliation Claims

 As noted above, the Court is satisfied that Plaintiff has established the first prong of a prima facie case of retaliation, namely, that his speech was constitutionally protected. The second prong requires that Plaintiff show that his speech was a substantial or motivating factor for the action complained of. *Mount Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Defendant contends that Plaintiff has failed to make such a showing, and offers the affidavits discussed above in support of her motion for summary judgment on this point. Plaintiff's affidavit in response, however, raises an issue of fact on this issue, at least with regard to his claim of retaliatory discharge. Specifically, Plaintiff's affidavit states that Defendant told him that if his revelations about the alleged improper disposal of certain forms "got out," he could lose his job. Plaintiff has not designated any facts, however, tending to show that the denial of compensation for his accrued compensatory time was in any way improper or retaliatory. Plaintiff has therefore made a sufficient showing to survive Defendant's motion for summary judgment regarding his retaliatory discharge claim, but not regarding his denial of compensation claim.

### Conclusion

For the reasons discussed above, summary judgment will be granted in favor of Defendant on Plaintiff's racial discrimination claims and on his retaliatory denial of compensation claim, but denied on his retaliatory discharge claim.

An appropriate Order will issue.

### ORDER

This matter is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, pursuant

to Fed.R.Civ.P. 12(b)(6) and 56(b). For the reasons stated in the accompanying Memorandum and deeming it just and proper so to do, it is hereby ADJUDGED and ORDERED that Defendant's Motion to Dismiss is GRANTED as to Count I of Plaintiff's complaint, as to Plaintiff's claim of the discriminatory denial of an interview in Count II of Plaintiff's complaint, and as to Plaintiff's due process claim in Count III of Plaintiff's complaint. Defendant's Motion to Dismiss is DENIED as to all remaining claims in Counts II, III and IV of Plaintiff's complaint, and as to Plaintiff's demand for punitive damages and declaratory relief. It is further ADJUDGED and ORDERED that Defendant's alternative Motion for Summary Judgment is GRANTED as to Counts II and IV of Plaintiff's complaint and as to Plaintiff's claim of racial discrimination in Count III of Plaintiff's complaint. Defendant's Motion for Summary Judgment is DENIED as to Plaintiff's claim of retaliatory discharge in Count III of Plaintiff's complaint.

