940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Paul GARDUNIO, Plaintiff-Appellant,
v.
Gary DELAND, Defendant-Appellee.
 No. 91-4058.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Gardunio appeals a grant of summary judgment.
 
 
 3
 Mr. Gardunio, a state prison inmate, filed his pro se complaint under 42 U.S.C. Sec. 1983 against the Executive Director of the Utah Department of Corrections. The complaint alleged a wide variety of constitutional wrongs. At Mr. Gardunio's request, counsel was appointed to represent him and appointed counsel entered his appearance. Defendant then filed a motion for summary judgment supported by evidentiary material. The certificate of service indicated a copy had been mailed to Mr. Gardunio. Mr. Gardunio's counsel also had a copy. Neither Mr. Gardunio nor his counsel responded to this motion. As the matter had been referred to a magistrate, a Report and Recommendation was entered recommending Defendant's motion for summary judgment be granted. A copy of this report and recommendation was mailed to Mr. Gardunio's counsel. No objections were filed to the magistrate's report, and the district court subsequently entered summary judgment for the Defendant.
 
 
 4
 Within a week of the summary judgment's entry, Mr. Gardunio responded with a pro se motion to reconsider stating as grounds that he had not received a copy of the magistrate's Report and Recommendation. This motion was denied by the district court without stated reasons.
 
 
 5
 Mr. Gardunio now appeals pro se asserting lack of notice and ineffective assistance of counsel.
 
 
 6
 Concerning the lack of notice, the record on appeal clearly shows a copy of the magistrate's Report and Recommendation was mailed to Mr. Gardunio's counsel. Mr. Gardunio has no right to receive filings separate and apart from his counsel. Service upon Mr. Gardunio's counsel was all the Federal Rules of Civil Procedure required. See Fed.R.Civ.P. (b).
 
 
 7
 Concerning Mr. Gardunio's claim of ineffective assistance of counsel, Mr. Gardunio has failed to cite any cases showing he is entitled to effective assistance of counsel in the maintenance of his civil action. Whether Mr. Gardunio's counsel neglected to act or whether he saw no merit to Mr. Gardunio's claims and could not respond within the strictures of Rule 11 is not before us. The issue before us is whether or not Mr. Gardunio had a right to the effective assistance of counsel in his civil rights lawsuit. We hold he did not. MacCuish v. United States, 844 F.2d 733, 735 (10th Cir.1988).
 
 
 8
 The strict standards of effective assistance of counsel mandated by the Sixth Amendment and the Federal Rules of Criminal Procedure do not apply to civil proceedings. A party with privately retained counsel does not have any right to a new trial in a civil suit because of ineffective counsel, and neither does a party with appointed counsel. Neither private counsel nor appointed counsel are immune from suit for malpractice. Mr. Gardunio's rights and remedies are the same as those of any other civil rights plaintiff. Watson v. Moss, 619 F.2d 775, 766 (8th Cir.1980).
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3