945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James C. COLEMAN, Plaintiff-Appellant,
v.
Susan D. McHENRY, Individually, Defendant-Appellee.
 No. 90-2179.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-787-R)
 James C. Coleman, appellant pro se.
 Barbara J. Gaden, Guy Winston Horsley, Jr., Assistant Attorneys General, Richmond, Va., for appellee.
 E.D.Va., 735 F.Supp. 190.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James C. Coleman appeals from orders of the district court entering judgment in favor of the defendant in Coleman's 42 U.S.C. § 1983 action and denying his Rule 59, Fed.R.Civ.P., motion for a new trial. We affirm.
 
 
 2
 Coleman was hired as an hourly employee of the Division of Emergency Medical Services ("EMS") of the Virginia Department of Health in August 1989. In September of that year he was hired as a full-time, salaried Information Systems Coordinator. Pursuant to state employment policy, all new employees serve in a probationary capacity for the first six months; during this period they may be terminated at the will of the agency. Coleman was fired in November 1989, during the probationary period.
 
 
 3
 Coleman, represented by retained counsel,[1] filed a four count complaint under § 1983 against McHenry, his supervisor at EMS. Count one alleged racial discrimination in various actions occurring at EMS. Count two was captioned "A Denial of Job Interview" and raised various claims of race discrimination in the filling of an opening at EMS for which Coleman applied. Count three raised first amendment and due process claims concerning his termination, as well, apparently, as race discrimination claims. Count four alleged that Coleman had been improperly denied payment for accumulated compensatory time at the time of his discharge. McHenry moved to dismiss or, in the alternative, for summary judgment.
 
 
 4
 The district court dismissed count one and granted summary judgment to McHenry on counts two and four. As to count three, the district court granted McHenry's motion for summary judgment on the racial discrimination claim but denied the motions as to the first amendment claims.[2] Three months after the court's ruling on McHenry's motions Coleman's counsel moved to withdraw from representation citing his irreconcilable differences with Coleman over the merits of the case. The court denied the motion, and the case proceeded to trial before the court. After trial the court entered judgment in McHenry's favor.
 
 
 5
 Coleman filed a timely motion for a new trial under Rule 59, Fed.R.Civ.P., arguing that his case had been prejudiced by the ineffectiveness of his attorney. This motion was denied by the court. Coleman noticed a timely appeal designating the court's orders granting judgment to McHenry and denying the Rule 59 motion as the orders appealed from. The district court subsequently granted Coleman's motion to proceed on appeal in forma pauperis, but denied his motions for appointment of counsel and for a transcript at government expense.
 
 
 6
 Under Fed.R.App.P. 3(c) the notice of appeal must specify the judgment or part thereof appealed from. Where the notice of appeal designates specific rulings being appealed, this Court has no jurisdiction to review other judgments or issues which are not expressly referred to or impliedly intended for appeal. Foster v. Tandy Corp., 828 F.2d 1052, 1059 (4th Cir.1987). Thus we review only the district court order of August 14 entering judgment for McHenry and that of September 7 denying the motion for a new trial--the only orders specified in Coleman's notice of appeal.
 
 
 7
 A state or a division of a state may not discharge an employee for a reason that infringes that employee's constitutionally protected right to freedom of speech. Dennison v. County of Frederick, --- F.2d ----, No. 90-1723 (4th Cir. Dec. 19, 1990), citing Perry v. Sindermann, 408 U.S. 593, 597 (1972). To prevail on his theory of retaliatory discharge Coleman needed to show that (1) the speech involved qualified as protected speech, and (2) that such protected speech was the motivating or "but for" cause of the discharge. Jurgensen v. Fairfax County, 745 F.2d 868, 878 (4th Cir.1984). The district court held in its ruling on McHenry's motion to dismiss that the speech Coleman cited as leading to his dismissal was indeed on matters of public concern and therefore entitled to constitutional protection.
 
 
 8
 A single issue was before the district court at trial, whether the protected speech was the "but for" cause of Coleman's termination. At trial McHenry apparently introduced evidence that Coleman was a divisive influence in the office and that he was dismissed for this reason. Though Coleman evidently established that he had complained of improprieties at EMS, and that some of the complaints were verified by an audit after his discharge, he apparently failed to prove by a preponderance of the evidence that his complaints were the but for cause of his dismissal.[3] The district court properly entered judgment for McHenry.
 
 
 9
 Coleman argued a single issue in his motion for a new trial. He contended that his attorney's incompetence and "willful misconduct" had so prejudiced the outcome of the proceedings that he was entitled to a new trial. This court reviews the denial of a Rule 59 motion under an abuse of discretion standard. Boryan v. United States, 884 F.2d 767, 771 (4th Cir.1989).
 
 
 10
 There is generally no right to effective assistance of counsel in civil cases. See Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir.1986); Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985); Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir.1984); Allen v. Barnes Hosp., 721 F.2d 643, 644 (8th Cir.1983); Mekdeci v. Merrell Nat'l Laboratories, 711 F.2d 1510, 1522-23 (11th Cir.1983); Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir.1980) (no right where both plaintiff and defendant are private parties). Ineffective assistance of trial counsel is not grounds for a new trial. Allen, 721 F.2d at 644. The appropriate remedy for ineffective assistance in the civil context is a suit against the attorney for legal malpractice. Sanchez, 785 F.2d at 1237.
 
 
 11
 The district court properly concluded that Coleman had made no showing that he was entitled to a new trial; consequently, no abuse of discretion lies in its having denied the motion.
 
 
 12
 For the foregoing reasons the orders of the district court are affirmed. We deny Coleman's motion for a transcript at government expense and to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Coleman is proceeding pro se on appeal
 
 
 [2]
 Coleman conceded before trial that no due process violations were shown. These claims were accordingly dismissed
 
 
 [3]
 Coleman is proceeding on appeal in forma pauperis; thus he is entitled to a transcript at government expense only if he can demonstrate the presence of a "substantial question." 28 U.S.C. § 753(f). He must show some "need" for the transcript beyond a mere desire to comb the record in hope of discovering some flaw. Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973). As Coleman's filings on appeal fail to demonstrate a substantial question, he is not entitled to a transcript and our review is limited to that information appearing in the record