USCA1 Opinion

 

 October 15, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1329 ROBERT F. BICKEL, Plaintiff, Appellant, v. EDWARD GINSBURG, ET AL., Defendants, Appellees. ____________________ No. 92-1599 ROBERT F. BICKEL, Plaintiff, Appellant, v. EDWARD GINSBURG AND CHRISTINE HARMS, Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Robert F. Bickel on brief pro se. ________________ Scott Harshbarger, Attorney General, and Steve Berenson, ___________________ ________________ Assistant Attorney General, on Memorandum in Support of Appellees' Motion to Dismiss Appeal or for Summary Affirmance. ____________________ ____________________ Per Curiam. Appellant brought this action under 42 __________ U.S.C. 1983 essentially alleging that two state court probate judges violated his Fourteenth Amendment due process rights by refusing to appoint counsel to represent him in divorce proceedings. The district court granted the defendants' motion to dismiss the complaint. Appellant's argument is basically as follows. In Boddie v. Connecticut, 401 U.S. 371 (1971), the Supreme Court ______ ___________ held that due process prohibits a state from imposing court costs that deny indigent persons access to its courts in order to secure judicial dissolution of their marriages. Id. ___ at 374. In so holding, the court stated that "marriage involves interests of basic importance in our society." Id. ___ at 376. Because divorce proceedings are like criminal actions, where defendants have the right to counsel to defend their liberty, this thesis runs, and because marriage is a fundamental "liberty interest," due process also requires states to provide the assistance of counsel to indigent individuals in divorce proceedings. Appellant's complaint fails for two reasons. First, to the extent that he is seeking an order holding that the state court decision concerning the appointment of counsel was wrong, he is not entitled to relief in this court. Lower federal courts have no power to sit in review of state court orders. District of Columbia Court of Appeals _____________________________________ v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust _______ ______ _______________ Co., 263 U.S. 413 (1983). See also Lancellotti v. Fay, 909 ___ ___ ____ ___________ ___ F.2d 15, 17 (1st Cir. 1990) (federal court may not entertain action seeking to enjoin state court from enforcing orders entered in state divorce proceedings). Appellant's remedy was to pursue his claim of constitutional error within the appellate courts of Massachusetts and, if not successful, to seek further review from the United States Supreme Court. See Decker v. Hillsborough County Attorney's Office, 845 F.2d ___ ______ _____________________________________ 17, 20-21 (1st Cir. 1988) (per curiam). Even assuming federal review of the merits, however, the complaint would fail to state a claim under 1983. Generally, there is no constitutional right to the appointment of counsel in civil cases. See, e.g., Cookish v. ___ ____ _______ Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam); __________ Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (per ______ _______ curiam), cert. denied, 459 U.S. 1214 (1983); Watson v. Moss, ____________ ______ ____ 619 F.2d 775, 774 (8th Cir. 1980) (per curiam). Accord ______ Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) ________ ________________________ ("such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation").1 Despite appellant's attempt to posit a right to counsel in divorce proceedings, he cites no cases which have so held. ____________________ 1. Lassiter is an exception to this general rule. There, ________ the Supreme Court held that due process might require the appointment of counsel for indigent parents in some parental termination proceedings. It relied on the important interest of the parent in the accuracy and justice of a decision which worked a "unique kind of deprivation." Id. at 27. Lassiter ___ ________ is limited to such terminations and espouses a narrow case- by-case approach. -3- Appellant's remaining arguments were not raised before the district court. As such, we do not consider them on appeal. See Decker, 845 F.2d at 19 (court of appeals does ___ ______ not address new matters not included in district court pleadings but instead asserted for first time in appellate briefs). For the foregoing reasons, we affirm the judgment ______ of the district court. -4-