977 F.2d 566
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert F. BICKEL, Plaintiff, Appellant,
v.
Edward GINSBURG, et al., Defendants, Appellees.
Robert F. BICKEL, Plaintiff, Appellant,
v.
Edward GINSBURG and Christine Harms, Defendants, Appellees.
 Nos. 92-1329, 92-1599.
 United States Court of Appeals,
First Circuit.
 October 15, 1992
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Robert F. Bickel on brief pro se.
 Scott Harshbarger, Attorney General, and Steve Berenson, Assistant Attorney General, on Memorandum in Support of Appellees' Motion to Dismiss Appeal or for Summary Affirmance.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant brought this action under 42 U.S.C. § 1983 essentially alleging that two state court probate judges violated his Fourteenth Amendment due process rights by refusing to appoint counsel to represent him in divorce proceedings. The district court granted the defendants' motion to dismiss the complaint.
 
 
 2
 Appellant's argument is basically as follows. In Boddie v. Connecticut, 401 U.S. 371 (1971), the Supreme Court held that due process prohibits a state from imposing court costs that deny indigent persons access to its courts in order to secure judicial dissolution of their marriages. Id. at 374. In so holding, the court stated that "marriage involves interests of basic importance in our society." Id. at 376. Because divorce proceedings are like criminal actions, where defendants have the right to counsel to defend their liberty, this thesis runs, and because marriage is a fundamental "liberty interest," due process also requires states to provide the assistance of counsel to indigent individuals in divorce proceedings.
 
 
 3
 Appellant's complaint fails for two reasons. First, to the extent that he is seeking an order holding that the state court decision concerning the appointment of counsel was wrong, he is not entitled to relief in this court. Lower federal courts have no power to sit in review of state court orders. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1983). See also Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990) (federal court may not entertain action seeking to enjoin state court from enforcing orders entered in state divorce proceedings). Appellant's remedy was to pursue his claim of constitutional error within the appellate courts of Massachusetts and, if not successful, to seek further review from the United States Supreme Court. See Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 20-21 (1st Cir. 1988) (per curiam).
 
 
 4
 Even assuming federal review of the merits, however, the complaint would fail to state a claim under § 1983. Generally, there is no constitutional right to the appointment of counsel in civil cases. See, e.g., Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982) (per curiam), cert. denied, 459 U.S. 1214 (1983); Watson v. Moss, 619 F.2d 775, 774 (8th Cir. 1980) (per curiam). Accord Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) ("such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation").[1] Despite appellant's attempt to posit a right to counsel in divorce proceedings, he cites no cases which have so held.
 
 
 5
 Appellant's remaining arguments were not raised before the district court. As such, we do not consider them on appeal. See Decker, 845 F.2d at 19 (court of appeals does not address new matters not included in district court pleadings but instead asserted for first time in appellate briefs).
 
 
 6
 For the foregoing reasons, we affirm the judgment of the district court.-
 
 
 
 [1]
 Lassiter is an exception to this general rule. There, the Supreme Court held that due process might require the appointment of counsel for indigent parents in some parental termination proceedings. It relied on the important interest of the parent in the accuracy and justice of a decision which worked a "unique kind of deprivation." Id. at 27. Lassiter is limited to such terminations and espouses a narrow case-by-case approach