982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Arthur L. ENGLISH, Appellant,
v.
C/O FREDERICK, Appellee.
 No. 92-2209.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1992.
Filed: December 29, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arthur English, an Iowa inmate, appeals from the magistrate's[1] order entering judgment against him in an action under 42 U.S.C. § 1983. English sued Gary Frederick, a prison guard at the Iowa Men's Reformatory, alleging that Frederick kicked him and painfully handcuffed him to the shower. After a trial, at which English was represented by appointed counsel, the magistrate judge dismissed the action.
 
 
 2
 English's argument in his brief seemingly asks that we reweigh the evidence and substitute factual findings for those of the district judge. This we may not do. English has neither provided nor requested a trial transcript. See Fed. R. App. P. 10(b). We are unconvinced that his arguments related to the testimony and witnesses are of sufficient merit to justify preparation of the transcript at government expense. Thus, we do not review these issues. See Schmid v. United Bhd. of Carpenters, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).
 
 
 3
 English's argument that his attorney represented him poorly at trial is not a ground for setting aside a judgment in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) ("[n]o constitutional or statutory right to effective assistance of counsel in a civil case").
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)