**Jerry C. DUNCAN, Appellant,**

v.

**Alan WELLS, Appellee.**

**No. 93–2640.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1994.

Decided May 4, 1994.

Rehearing Denied June 3, 1994.

## I. BACKGROUND

On April 5, 1991, police officers executed a search warrant for Duncan's residence. Alan Wells, a police officer, was a member of the search team. Duncan, distressed by the intrusion, continually hurled obscenities and insults at Wells during the course of the search. The evidence at trial showed that Duncan had been drinking before and during the search.

The search was essentially unsuccessful. As the police officers began to leave Duncan's residence, the altercation that formed the basis of this section 1983 action occurred. Duncan claims that, entirely without provocation or cause, Wells punched him in the abdomen, causing him severe pain that required medical treatment. Wells admits punching Duncan, but disputes Duncan's version of the incident. Wells claims that Duncan grabbed him and that the punch was an attempt to break this hold.

The case was tried to a jury. The jury returned a verdict in favor of Wells.

## II. DISCUSSION

■ Duncan first alleges that the district court erred in admitting improperly elicited cross-examination testimony concerning Duncan's prior criminal record. He also contends that other prejudicial evidence was admitted. He claims that this evidence should have been excluded under Rules 609[1] and 403 of the Federal Rules of Evidence. The Supreme Court has held that in civil trials, the criminal convictions of any witness are admissible for impeachment purposes. *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). Thus Duncan's Rule 609 claim fails.

■ Under Rule 403, the district court is required to weigh the probative value of the

Before WOLLMAN, MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Jerry Duncan appeals an adverse jury verdict in this 42 U.S.C. § 1983 action. Duncan asserts evidentiary error as grounds for reversal. He also claims that the district court erred in refusing to submit his punitive damages claim to the jury. We affirm.

1. Federal Rule of Evidence 609(a) provides in relevant part:

**(a) General rule.** For the purpose of attacking the credibility of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

evidence against the danger of unfair prejudice. *Jones v. Board of Police Comm'rs*, 844 F.2d 500, 505 (8th Cir.1988), *cert. denied*, 490 U.S. 1092, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989). We will not disturb a ruling on the admissibility of evidence unless there is a clear and prejudicial abuse of discretion on the part of the district court. *Id.* Because the trial transcript shows that Duncan's testimony opened the door to the evidence admitted at trial, we find no abuse of discretion in the district court's evidentiary rulings.

Duncan also contends that the district court erred in failing to submit the punitive damages claim to the jury. Punitive damages may be awarded in a section 1983 action when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Walters v. Grossheim*, 990 F.2d 381, 385 (8th Cir.1993) (citing *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)). The district court found a total failure of proof to support Duncan's claim for punitive damages. We agree with that assessment of the record and conclude that the district court did not err in granting Wells' motion for summary judgment on the issue of punitive damages. We also note that Duncan did not prevail on the merits of his claim, and therefore could not possibly have prevailed on the punitive damages claim.

## III. CONCLUSION

For the reasons stated above, we affirm the judgment in favor of Wells in this section 1983 action.