39 F.3d 1184
 6 NDLR P 151
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Horace BAILEY, Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General, United States
Postal Service, Appellee.
 No. 94-1746.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 25, 1994.
Filed: Nov. 3, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Horace Bailey appeals the district court's[1] dismissal, as moot, of his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2000e17, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. Secs. 701-797b. We affirm.
 
 
 2
 Bailey, a United States Postal Service employee on disability leave since 1988, alleged he was discriminated against on the basis of his race, sex, and physical handicap, and was retaliated against for filing prior discrimination complaints, when he was forced to change job assignments. After exhausting his administrative remedies, Bailey filed this action seeking injunctive relief, back pay, and full disability pay.
 
 
 3
 We agree with the district court that Bailey's case is moot. Because Bailey is on disability leave with no indication of when he will return to work, there is no present discrimination to enjoin, and no cognizable danger of future discriminatory conduct exists. Cf. E.E.O.C. v. General Lines, Inc., 865 F.2d 1555, 1565 (10th Cir. 1989) (injunction cannot be issued when no cognizable danger of future discrimination exists); Johnson v. Brock, 810 F.2d 219, 226 (8th Cir. 1987) (no injunctive relief where not reasonable to conclude discriminatory acts will continue in future). Additionally, Bailey cannot recover back pay for the allegedly discriminatory reassignment because his hourly wage did not change and he did not prove he was entitled to a higher wage/salary. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975) (to receive back pay, claimant must have suffered economic injury). Thus, no actual controversy existed at the time of trial because no outcome could affect the legal relations of the parties. See DeFunis v. Odegaard, 416 U.S. 312, 317 (1974) (per curiam) (court must dismiss as moot any case not presenting an actual controversy).
 
 
 4
 This Court lacks jurisdiction to review Bailey's other claims not raised before the Equal Employment Opportunity Commission-that his disability was caused by the alleged discriminatory conduct and that he was allegedly denied a promotion based on the discrimination. See Harlston v. McDonnell Douglas Corp., No. 93- 3119, slip op. at 4 (8th Cir. Sept. 29, 1994) (claims not subject of EEOC charge not within jurisdiction of court).
 
 
 5
 Bailey's other claims on appeal are meritless. The expanded remedies under the Civil Rights Act of 1991 are not available to Bailey because his claim was filed before their enactment, see Landgraf v.USI Film Prods., 114 S. Ct. 1483, 1508 (1994) (Civil Rights Act of 1991 does not apply retroactively), and the district court denied Bailey's motion to amend his complaint to add a 42 U.S.C. Sec. 1983 claim. Finally, Bailey has no right to effective assistance of counsel in this civil action. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas