_____

No. 95-3332
_____

Kenyatta Williams,                      *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *  Appeal from the United States
City of St. Louis; St. Louis            *  District Court for the
Police Department; Lamont Jones;*  Eastern District of Missouri
Cliffe Jarvis; Joseph Right;            *
Robert Christian; Joseph                *  (UNPUBLISHED)
Nickerson; John Does,                   *
                                        *
          Appellees.                    *

_____

          Submitted:  May 1, 1996

              Filed:  May 8, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Kenyatta Williams appeals from the final judgment entered in the
District Court[1] for the Eastern District of Missouri upon a jury verdict
for defendant police officers in this 42 U.S.C. § 1983 action.  For the
reasons discussed below, we affirm.

     Williams alleged that two St. Louis City police officers used
excessive force during his arrest, after Williams shot at one of the police
officers.  The officer filed a counterclaim against

_____

     [1]The Honorable William S. Bahn, United States Magistrate Judge
for the Eastern District of Missouri, to whom the case was referred
for final disposition by consent of the parties pursuant to 28
U.S.C. § 636(c).

Williams for shooting him. Williams was later convicted of shooting the officer.

The district court appointed counsel for Williams and denied Williams's requests for appointment of different counsel. After a four-day jury trial, the jury returned a verdict in favor of the officers on the excessive force claim and awarded $1.00 in damages to the officer on his counterclaim.

On appeal, Williams argues that the district court abused its discretion in refusing to appoint different counsel and that he received ineffective assistance of counsel that deprived him of his right to meaningful access to the courts. He also argues the admission of evidence from his criminal trial prejudiced his police-brutality claim.

As Williams acknowledges, there is no constitutional right to appointed counsel in a civil case. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam); there is also no constitutional right to effective assistance of counsel in a civil case, see Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988). After a four-day jury trial, Williams cannot claim he was denied meaningful access to the courts.

Although Williams has requested a transcript at government expense to enable us to review his challenge to the admissibility of evidence, a transcript is unnecessary here. The magistrate judge did not abuse his discretion in admitting evidence which was clearly relevant to his claim and was the very subject of the counterclaim. See Duncan v. Wells, 23 F.3d 1322, 1323-24 (8th Cir. 1994) (standard of review).

Accordingly, we affirm the judgment of the district court. We deny Williams's motion for a transcript at government expense.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.