89 F.3d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kenyatta WILLIAMS, Appellant,
v.
CITY of St. Louis; St. Louis Police Department; Lamont
Jones; Cliffe Jarvis; Joseph Right; Robert
Christian; Joseph Nickerson; John
Does, Appellees.
 No. 95-3332.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 1, 1996
Filed May 8, 1996
 
 Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenyatta Williams appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict for defendant police officers in this 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.
 
 
 2
 Williams alleged that two St. Louis City police officers used excessive force during his arrest, after Williams shot at one of the police officers. The officer filed a counterclaim against Williams for shooting him. Williams was later convicted of shooting the officer.
 
 
 3
 The district court appointed counsel for Williams and denied Williams's requests for appointment of different counsel. After a four-day jury trial, the jury returned a verdict in favor of the officers on the excessive force claim and awarded $1.00 in damages to the officer on his counterclaim.
 
 
 4
 On appeal, Williams argues that the district court abused its discretion in refusing to appoint different counsel and that he received ineffective assistance of counsel that deprived him of his right to meaningful access to the courts. He also argues the admission of evidence from his criminal trial prejudiced his police-brutality claim.
 
 
 5
 As Williams acknowledges, there is no constitutional right to appointed counsel in a civil case. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980) (per curiam); there is also no constitutional right to effective assistance of counsel in a civil case, see Glick v. Henderson, 855 F.2d 536, 541 (8th Cir.1988). After a four-day jury trial, Williams cannot claim he was denied meaningful access to the courts.
 
 
 6
 Although Williams has requested a transcript at government expense to enable us to review his challenge to the admissibility of evidence, a transcript is unnecessary here. The magistrate judge did not abuse his discretion in admitting evidence which was clearly relevant to his claim and was the very subject of the counterclaim. See Duncan v. Wells, 23 F.3d 1322, 1323-24 (8th Cir.1994) (standard of review).
 
 
 7
 Accordingly, we affirm the judgment of the district court. We deny Williams's motion for a transcript at government expense.
 
 
 
 [1]
 The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)