# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-1384

_____

United States of America,      *
                                    *
          Appellee,           *
                                    *   Appeal from the United States
    v.                       *   District Court for the
                                    *   District of South Dakota.
Arnold G. Wiedmer,         *
                                    *       **[UNPUBLISHED]**
          Appellant.         *

_____

Submitted: May 7, 1997

Filed: May 22, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The government charged Arnold Wiedmer with five counts of converting crops mortgaged to the Farmers Home Administration (FmHA), in violation of 18 U.S.C. § 658, and with one count of knowingly making a false oath and account in his bankruptcy case, in violation of 18 U.S.C. § 152. Following a jury trial, Wiedmer was convicted on two of the conversion counts and the bankruptcy-fraud count. The district court[1] sentenced Wiedmer to eight months imprisonment and three years supervised release, and he appeals. Pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel has filed a brief raising alleged trial errors. We affirm.

_____

[1]The HONORABLE CHARLES B. KORNMANN, United States District Judge for the District of South Dakota.

Counsel first argues that the evidence was insufficient to support Wiedmer's convictions. Viewing the evidence in the light most favorable to the government, and drawing from the facts all reasonable inferences in the government's favor, we conclude the government presented sufficient evidence from which the jury reasonably could have found that Wiedmer knowingly sold crops mortgaged to the FmHA--without the FmHA's knowledge or consent--with intent to defraud the agency. See United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995) (standard of review), cert. denied, 116 S. Ct. 953 (1996); United States v. French, 46 F.3d 710, 715 (8th Cir. 1995).

We likewise conclude the evidence was sufficient to support the bankruptcy-fraud conviction. In his bankruptcy proceeding, Wiedmer declared under penalty of perjury that he had no existing crops, during a time period when he was selling wheat in the name of a trust. Cf. United States v. McCormick, 72 F.3d 1404, 1406 (9th Cir. 1995) (sufficient circumstantial evidence existed from which jury could find fraudulent intent required for bankruptcy-fraud conviction where defendant created identity, opened bank account in that name, failed to list bank account and name in petition, and signed declarations under penalty of perjury that information was true and correct).

Counsel also argues that the district court erred in admitting at trial an article describing an alleged governmental conspiracy. A "district court has broad discretion in deciding whether to admit evidence at trial." Cummings v. Malone, 995 F.2d 817, 823 (8th Cir. 1993). Under Federal Rule of Evidence 403, we review for abuse of discretion the district court's weighing of the probative value of evidence against the danger of unfair prejudice. See Duncan v. Wells, 23 F.3d 1322, 1323-24 (8th Cir. 1994). We conclude the district court did not abuse its discretion in

admitting the article.  It was part of Wiedmer's FmHA loan file -- having accompanied a letter he sent to the agency -- and thus was relevant to his intent in subsequently disposing of crops that were the agency's loan collateral.

Having carefully reviewed the record, we conclude there is no other nonfrivolous issue.  See Penson v. Ohio, 488 U.S. 75, 80-82 (1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.