# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4173

_____

Barbara G. Nelson,                         *
                                           *
        Appellant,                         *
                                           *   Appeal from the United States
    v.                                     *   District Court for the
                                           *   Eastern District of Arkansas.
Arkansas Pediatric Facility,               *
                                           *       [UNPUBLISHED]
        Appellee.                          *

_____

Submitted: December 19, 2000
Filed: January 8, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Barbara Nelson appeals from the District Court's[1] adverse grant of summary judgment in her Family Medical Leave Act (FMLA) action against the Arkansas Pediatric Facility (APF). Having carefully reviewed the record de novo, see Reynolds v. Phillips & Temro Indus., Inc., 195 F.3d 411, 413 (8th Cir. 1999) (standard of review), we affirm.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Nelson is not entitled to relief on her claims that APF constructively discharged her, and that it should have offered her FMLA leave when she returned on October 14, 1998, following an illness for which she had missed approximately two weeks of work. First, she presented no evidence of the type of hostile or abusive work environment necessary to show constructive discharge. Cf. Delph v. Dr. Pepper Bottling Co. 130 F.3d 349, 354 (8th Cir. 1997) (explaining that in context of racial discrimination action, constructive discharge occurs when employer renders employee's working conditions intolerable, forcing employee to resign). Second, it is undisputed that she voluntarily returned for work on October 14, the day her doctor released her to light-duty work; she did not request further leave; and after receiving her light-duty schedule, she did not respond and elected not to return to work. See Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir.) (holding that "under the FMLA, the employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave" and "the employee need not specifically mention FMLA leave, but must state that leave is needed, and the statement should be made within one or two business days."), cert. denied, 120 S. Ct. 588 (1999); Beal v. Rubbermaid Commercial Prods., Inc., 972 F. Supp. 1216, 1226 (S.D. Iowa 1997) (holding that employee need not expressly assert FMLA rights or even mention FMLA, but is obligated to state leave is needed as it is unreasonable to expect employer to offer leave when no request has been made), aff'd, 149 F.3d 1186 (8th Cir. 1998).

We reject Nelson's attempt to raise a sexual harassment claim for the first time on appeal. Cf. Richmond v. Fowlkes, 228 F.3d 854, 860 (8th Cir. 2000) (declining to address racial-bias claim not raised before district court). To the extent Nelson is asserting ineffective assistance of counsel, this argument fails as "there is no constitutional or statutory right to effective assistance of counsel in a civil case." Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (quoting Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam)).

Finally, we deny Nelson's motion for appointment of counsel.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.