# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2102

_____

| | |
|---|---|
| William L. Taylor, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Southern |
| | * District of Iowa. |
| Gregory Dickel; Cynthia Donahue; | * |
| Martin Siebert, | * |
| | * |
| Defendants - Appellees. | * |

_____

Submitted: December 13, 2001

Filed: June 7, 2002

_____

Before WOLLMAN,[1] Chief Judge, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

William Taylor brought a civil action, under 42 U.S.C. § 1983 (1994 & Supp. IV 1999), against Gregory Dickel[2] and other police officers for excessive use of force

_____

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[2]Certain documents within the record before us spell Appellee's name "Dickle" while others use "Dickel." We employ the spelling used by Appellee's own counsel.

in effectuating his arrest. The jury returned a verdict in favor of defendants. Taylor now appeals, claiming the district court[3] abused its discretion in denying his motion for substitute counsel, and that his counsel was ineffective. We affirm.

On October 7, 1997, Taylor was arrested after leading police on a high-speed motor vehicle chase through the city of Des Moines, Iowa. Taylor later filed a pro se complaint under § 1983, alleging the officers used excessive force in his arrest, and was granted permission to proceed in forma pauperis under 28 U.S.C. § 1915 (Supp. II 1996). On December 22, 1998, a magistrate judge[4] granted Taylor's motion for appointed counsel and ordered the designated counsel to enter an appearance within 20 days. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").[5] Counsel did not enter an appearance, and on January 29, 1999, Taylor filed a second motion for appointed counsel. (Taylor states he believed at the time that no one was representing him because no one had contacted him.) The magistrate judge denied the second motion as moot on February 4, 1999, pointing out that counsel had already been appointed, and ordering counsel to enter an appearance within fourteen days.

On February 19, 1999, Taylor again complained to the court that no counsel had contacted him, and attempted to compel discovery on his own. He repeated his concerns in two letters written in early March. On March 12, 1999, the magistrate judge extended the time for counsel to file an appearance in Taylor's case to April 1, 1999, and denied Taylor's motions to compel. Taylor's counsel entered an appearance on March 17, 1999.

---

[3] The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

[4] The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

[5] Prior to 1996, this section was codified at 28 U.S.C. § 1915(d).

On June 22, 2000, Taylor filed a document entitled in part "Motion for Transport," in which he claimed his attorney was providing "ineffectual counseling (i.e. none at all)."[6]  Specifically, Taylor alleged that none of his witnesses had been contacted, that no photographs had been taken of his injuries or medical examinations conducted, and that no medical expert had been procured on his behalf.  This time the district court judge responded, stating that he would take no action on the motion "at this time," and advising Taylor that "he must work with his counsel and not file documents pro se."  Taylor v. Dickle, No. 4-98-CV-80238 (S.D. Iowa July 17, 2000) (order responding to "plaintiff's report to court & change of address, motion for transport").  Taylor repeated his request for new counsel in October 2000, alleging that he continued to be left in the dark by his appointed counsel despite repeated attempts to contact the attorney by phone and mail.  His witnesses had still not been contacted, he had not been asked any questions by the attorney regarding his case beyond what he had filed in the original claim, and he had not received any of the court documents he had requested.  The magistrate judge denied Taylor's motion and directed the appointed counsel "to take whatever action he deems appropriate in response to plaintiff's concerns."  Taylor v. Dickle, No. 4-98-CV-80238 (S.D. Iowa October, 13 2000) (order denying plaintiff's pro se motion).

Two weeks before trial, Taylor attempted one last time to obtain new counsel, complaining again that "I've received absolutely no responses or reply or any correspondence from [my appointed counsel]."  The district court took no action on this request, and the case proceeded to trial.  Taylor's appointed counsel filed no trial brief, submitted no jury instructions, and, at trial, presented no witnesses except Taylor himself, and offered no medical evidence on Taylor's behalf.  The jury returned a verdict in favor of the defendants after deliberating less than two hours.

---

[6] Taylor had also made one further attempt to move his case forward on his own, requesting a temporary restraining order on April 28, 1999.  This request was denied.

I.

Taylor claims the district court abused its discretion by summarily denying his repeated requests for new counsel. While acknowledging he has no constitutional right to counsel as a civil litigant, Taylor argues that once the district court has exercised its discretion in appointing counsel, it must thereafter take some responsibility for the quality of that representation—particularly where it refuses to allow the litigant to proceed pro se—and thus must at the very least investigate complaints and provide some reasoning for its decisions relating to appointed counsel.

In the criminal context, a defendant represented by appointed counsel must show "justifiable dissatisfaction" to have counsel replaced. Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995) (quoting United States v. Swinney, 970 F.2d 494 (8th Cir. 1992)). Where a criminal defendant alleges facts sufficient to give rise to such justifiable dissatisfaction, the district court "has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction." Id. (quoting United States v. Hart, 557 F.2d 162, 163 (8th Cir. 1977) (per curiam)). Taylor argues that we should extend the standard of justifiable dissatisfaction to the civil context where counsel has been appointed by the district court. He cites the Seventh Circuit's decision in Dunphy v. McKee in support of this proposition. 134 F.3d 1297 (7th Cir. 1998) (holding that it would be an abuse of discretion for the district court to dismiss a § 1983 action for want of prosecution without reviewing the effectiveness of appointed counsel).

We review the district court's refusal to substitute counsel for abuse of discretion. See Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992) (concluding district court abused discretion in failing to appoint substitute counsel in § 1983 action). Failure to provide a hearing, see Lewis v. Lane, 816 F.2d 1165 (7th Cir. 1987), or a thorough explication of the reasons for denying substitute counsel, see Howland v.

-4-

Kilquist, 833 F.2d 639 (7th Cir. 1987), may constitute abuse of discretion in and of itself. However, because we find any error in this case was harmless, we deny Taylor relief on this ground. See Howland, 833 F.2d at 646 (stating that it was an abuse of discretion to deny motion to appoint counsel in § 1983 action without setting out reasons, but concluding the error was harmless); Gilliam v. City of Omaha, 524 F.2d 1013, 1015 (8th Cir. 1975) ("To constitute reversible error, it must be established that the error complained of affected the substantial rights of the objecting party.") (citing 28 U.S.C. § 2111 (1994) ("On the hearing of any appeal . . . the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.")).

Here, Taylor's appointed counsel served requests for admissions, requests for production of documents, and interrogatories upon, and personally deposed, the defendants. The defense's evidence, however, was overwhelming. Testimony of two independent witnesses corroborated the police officers' claim that there was no beating.[7] Two separate independent physicians (one of whom had prior experience with Taylor), who saw Taylor at times ranging from immediately after the incident to three days thereafter, testified that the only injury apparent was consistent with the officers' and witnesses' reports that Taylor tripped and fell while running from police. The medical records from treating physicians who saw Taylor after his arrest did not show any of the injuries that Taylor alleges he received. Our study of the transcript reveals appointed counsel strenuously cross-examined all the witnesses, presented Taylor in the best light, and argued vigorously on Taylor's behalf. In light of all this, we cannot say that the denial of substitute counsel affected Taylor's substantial

---

[7] While Taylor repeatedly alleges on appeal that there were witnesses who could corroborate his story who were never contacted, he never provides us with any of their names or tells us what specifically they would have testified to.

rights.[8]   See Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir. 1983) (concluding that magistrate judge's failure to rule on request to appoint counsel was harmless due to "the clear lack of merit in appellant's case").

## II.

Taylor argues he was denied effective assistance of counsel.  However, this court has previously held that "there is no constitutional or statutory right to effective assistance of counsel in a civil case," and that the proper remedy in such cases is an action for malpractice.  Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam).  Taylor seeks to distinguish Watson as a Sixth Amendment case not involving a situation like the one presented here, where a civil litigant is arguably

---

[8] This conclusion is consistent with our decision in Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992), in which we held that it was an abuse of discretion to refuse to replace appointed counsel in a § 1983 action after plaintiff's initial counsel withdrew. While we did not explicitly review for harmless error in Rayes, the prejudicial nature of the district court's denial was central to our result. See id. at 704 ("In essence, the case hinged on determinations of witness credibility, and Rayes' lack of courtroom skills prevented the adequate examination of witnesses."); see also Johnson v. Williams, 788 F.2d 1319, 1323-34 (8th Cir. 1986) (citing indigent plaintiff's inability to effectively pursue § 1983 claims on own as justification for concluding that the district court abused its discretion in refusing to appoint counsel); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1006 (8th Cir. 1984) (concluding district court did not abuse its discretion in refusing to appoint counsel under § 1915(d), even where it applied the wrong standard, because plaintiff was not prejudiced by lack of counsel).

We are not faced here with a situation where the district court's lack of explanation precludes review for harmless error. Cf. Slaughter v. City of Maplewood, 731 F.2d 587, 589 (8th Cir. 1984) (remanding interlocutory appeal from denial of request for counsel "because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion").

being required by the district court to rely on a particular attorney after alerting the court to potential problems. He again cites Dunphy v. McKee, this time for the proposition that effectiveness of counsel is subject to due process review in certain civil contexts. 134 F.3d 1297 (7th Cir. 1998). We read Dunphy as standing for the limited proposition that before a district court dismisses a suit for want of prosecution ("an extraordinarily harsh sanction") in a § 1983 action where it has appointed counsel, it should "satisfy itself that appointed counsel is on the job." Id. at 1299, 1302. We therefore do not find Taylor's basis for distinguishing Watson compelling. Because one panel of this court may not overrule a previous panel's decision, United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997), Watson dictates that Taylor's claim here must fail. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (citing Watson in support of holding that ineffective assistance of counsel claim by § 1983 plaintiff who had been appointed counsel must fail).

III.

Finally, Taylor argues that even if we do not conclude that the district court abused its discretion in summarily denying his requests for new counsel, we should nevertheless "recognize" that a civil litigant whose counsel is appointed under 28 U.S.C. § 1915(e) has the right to sever that relationship and proceed pro se, or find another lawyer to represent him or her, without court approval. Taylor bases this argument on the fact that 28 U.S.C. § 1915(e) assigns the court discretion to "request" counsel for an indigent litigant. He argues that since the court is requesting rather than appointing counsel, the power to maintain or terminate the relationship resides strictly with the two individuals comprising the attorney-client relationship, not the court. The authority Taylor cites is Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989), which held that since former § 1915(d) only authorized a district court to "request" an attorney to take a case, the attorney retained the power to decline the request. Thus, Taylor argues, he retains an absolute power

-7-

to decline the attorney-client relationship, implying that the district court erred when it refused to let him advance his case on his own.

We reject this argument because it depends on a flawed premise. In the Sixth Amendment context there exists a well-established constitutional right to counsel and concomitant right to proceed pro se. United States v. Purnett, 910 F.2d 51, 54 (2d Cir. 1990) ("The right to self-representation and the assistance of counsel are separate rights depicted on the opposite sides of the same Sixth Amendment coin."). However, in criminal cases under the Sixth Amendment, the right to proceed pro se or demand particular counsel is not unqualified. See, e.g., Wheat v. United States, 486 U.S. 153, 159 (1987) ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."). The criminal defendant must properly move the trial court to allow him or her to substitute counsel or proceed pro se, and the trial court's response to such a motion involves multiple considerations that may properly supersede the desirability of simply honoring the defendant's request. See Wheat, 486 U.S. at 164 (affirming district court's refusal to permit substitution of counsel as within that court's discretion); Faretta v. California, 422 U.S. 806, 835 (1974) (holding that accused's request to forego benefits of counsel shall not be honored unless it is knowing and intelligent). We recognize the imperfect nature of an analogy between a civil litigant's right to counsel and that of a criminal defendant. However, we may confidently say that the fact that a civil litigant's counsel is appointed under § 1915(e) does not eliminate all judicial limitations on the litigant's choice of counsel. Cf. Lee v. Crouse, 284 F. Supp. 541, 544 (D. Kan. 1967) (holding that civil litigant who had counsel appointed under former § 1915(d) "is not entitled to select his counsel[,] having rejected two competent attorneys on nothing more than his private suspicion that they were not personally disposed toward [his] cause"), aff'd, 396 F.2d 952 (10th Cir. 1968).

Furthermore, even if we were to agree with Taylor's conception of § 1915(e) in the abstract, our result here would not change because Taylor never properly

placed the issue before the district court. Taylor requested to have new counsel appointed, complained about the attorney he had been appointed, and attempted to advance his case on his own. While these complaints and requests did serve to alert the court to a potential problem, we cannot say--even construing his motions liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)--that they ever rose to the level of asking the court to discharge his appointed counsel. Since we have already concluded that the district court ultimately did not abuse its discretion in handling the matters that were presented before it, Taylor's attempt to recast his initial abuse-of-discretion argument here is unavailing.

IV.

In light of the foregoing, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.