# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1055

_____

Steven H. Blondheim,                         *
                                             *
               Appellant,                    *
                                             *    Appeal from the United States
       v.                                    *    District Court for the District
                                             *    of Minnesota.
County of Olmsted; Steven Vonwald;           *
Paul Walech-Roth; Eric Strop,                *          [UNPUBLISHED]
                                             *
               Appellees.                    *

_____

Submitted:   September 16, 2002

Filed:   September 27, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Pretrial detainee Steven H. Blondheim's right knee was injured by Olmsted County Adult Detention Center (OCADC) guards Paul Walech-Roth and Eric Strop. Blondheim admits making disrespectful comments to the guards, but contends he was compliant with the guard's requests, and the guards had no reason to use physical force. The guards contend Blondheim challenged them to a physical altercation, so Strop kicked the inside of Blondheim's right knee, causing the knee to buckle and Blondheim to fall. Blondheim complained of discomfort and was treated by a nurse two days later. The nurse made an appointment for Blondheim to see a staff doctor,

and prescribed ice, elevation, rest, use of a crutch and an Ace wrap. Blondheim saw the staff doctor the next day. The doctor diagnosed a ligament strain, prescribed Naprosyn, a knee brace, crutches and Tylenol as needed, and decided to re-examine Blondheim in 7 to 10 days. The staff doctor examined Blondheim seven days later, noting improvement.

The staff doctor again examined Blondheim one month later, diagnosed a partial ligament injury, recommended strengthening exercises, and made an appointment for Blondheim to consult with an orthopedic surgeon. Later that month, an orthopedic surgeon from the Mayo Clinic evaluated Blondheim, recommended a physical therapy program, and recommended an MRI scan or exploratory surgery, with corrective surgery pending results of the MRI or exploratory surgery findings. Steven VonWald, Director of OCADC, approved funding for the MRI. The Mayo Clinic performed the MRI scan of Blondheim's knee. In the meantime, Blondheim was convicted on the charges for which he was incarcerated. Before the MRI results were communicated to Olmsted County, Olmsted County received a sentencing order for Blondheim's transfer to the Minnesota state Commissioner of Corrections. Blondheim was transferred to the custody of Minnesota state correctional authorities at Stillwater. Later, the orthopedic surgeon called OCADC and informed the nurse that Blondheim's anterior crutiate ligament (ACL) was torn and would require corrective surgery. Although the nurse agreed to forward the Mayo Clinic's results and recommendations to state corrections officials, OCADC did not forward Blondheim's medical records.

Blondheim was incarcerated in state prison for four years. During that time, he received evaluations of his right knee by different doctors. Exercises were ordered and then discontinued. Doctor's notes indicate an awareness of the Mayo Clinic evaluation and Blondheim's assertion that he needed surgery, but the record does not show any attempt to obtain those records or implement the recommendations. After his release from prison, Blondheim contacted the orthopedic surgeon at the Mayo

Clinic who performed his initial evaluation. A follow-up evaluation revealed Blondheim's knee had deteriorated, in part because the ACL was not repaired.

Blondheim sued the Olmsted guards who injured him, Director VonWald, and Olmsted County under 42 U.S.C. § 1983 (2000), claiming excessive force, inadequate medical care, violations of the Americans with Disabilities Act (ADA), and state law violations. The district court[*] granted partial summary judgment in favor of VonWald on all claims, in favor of all defendants on failure to provide medical care claims, in favor of Olmsted County on all § 1983 claims, and in favor of all defendants on claims of violation of the ADA and Minnesota Human Rights Act (MHRA). Blondheim's claims of excessive use of force, assault, battery, and intentional infliction of emotional distress were tried to a jury. The jury returned a defense verdict on all claims, and the district court[**] dismissed all claims against the defendants. Blondheim now appeals pro se, seeking reversal of the partial summary judgment order and a new trial on all counts. In addition, Blondheim moved to add "Correctional Medical Services" and "Minnesota Correctional Facility Lino Lakes" as defendants, and moved for the appointment of a special master to hear evidence on his claims. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Blondheim, we conclude the district court's grant of partial summary judgment was correct. Morris v. Crawford County, Ark., 299 F.3d 919, 921-22 (8th Cir. 2002).

Like the district court, we conclude Blondheim's § 1983 claims against Olmsted County fail. To state a claim against a municipal entity, Blondheim must allege, and support with evidence, unconstitutional customs or policies. Blondheim

---

[*]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[**]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

offered no evidence of unconstitutional customs or policies sufficient to support a viable § 1983 claim against Olmsted County. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

Blondheim's deliberate indifference claims also fail. The record shows defendants were not deliberately indifferent to Blondheim's serious medical needs. Robinson v. Hager, 292 F.3d 560, 563-64 (8th Cir. 2002). While detained at OCADC, Blondheim received the full range of medical care from Tylenol and an Ace bandage to a consult with an orthopedic surgeon and an MRI. We need not decide whether OCADC's failure to forward Blondheim's medical records was deliberate indifference, because the record shows the doctors at the Minnesota state correctional facilities were aware of the evaluation and recommendation for surgery. Because the doctors were aware of Blondheim's medical records and opted not to follow the recommendations, Blondheim cannot show the defendants' failure to forward the medical records harmed him. Id. at 564 (plaintiff must show cause of injury to establish prima facie case under § 1983).

We further conclude summary judgment in favor of VonWald on all claims was proper. VonWald was not involved with the altercation that resulted in Blondheim's injury. VonWald's prompt transfer of Blondheim in response to the court's sentencing order complied with the law, thus Blondheim's contrary allegations are without merit. For the reasons discussed earlier, VonWald's participation in Blondheim's medical care, including authorization of payment for the MRI scan, did not show deliberate indifference to Blondheim's medical needs.

Blondheim's ADA and MHRA claims fail for a number of reasons. See Somers v. City of Minneapolis, 245 F.3d 782, 788 (8th Cir. 2001) (using ADA law to analyze MHRA claims). Blondheim's claim he was transferred immediately so that Olmsted County could avoid funding his medical care in violation of the ADA is without merit. Blondheim had no right, under the ADA or otherwise, to be retained

-4-

in county jail rather than be transferred in compliance with a court order. Also, Blondheim has not met any element of the prima facie case for an ADA claim. Dropinski v. Douglas County, Neb., 298 F.3d 704, 706-07 (8th Cir. 2002).

Because Blondheim failed to move for a new trial in the district court, his complaints about the jury verdict are not preserved for review. Westcott v. Crinklaw, 133 F.3d at 658, 662 (8th Cir. 1998). Further, although Blondheim complains his attorney was ineffective for failing to call any of the twenty-three witnesses on the witness list, there is no constitutional or statutory right to effective assistance of counsel in a civil case. Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002). We deny Blondheim's request for the appointment of a special master to take evidence about Blondheim's grievances with trial counsel and the defendants of this lawsuit. Available remedies for civil litigants include filing a grievance with the local bar association and filing a malpractice action against the attorney. Taylor, 293 F.3d at 431. A litigant is not entitled to a new trial simply because the litigant is dissatisfied with an unfavorable verdict. Because we deny Blondheim's request for a new trial, we dismiss his motion to add defendants to the suit.

In conclusion, we affirm the partial grant of summary judgment for the reasons stated by the district court. We deny Blondheim's motions for a new trial and for appointment of a special master, and dismiss his motion to add defendants to the lawsuit.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-