# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2402

_____

| | | |
|---|---|---|
| Loretta Page, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Arkansas Department of Correction; | * | |
| Larry Norris; | * | |
| | * | |
| Defendants-Appellees, | * | |
| | * | Appeal from the United States |
| East Arkansas Regional Unit; | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Defendant, | * | |
| | * | [UNPUBLISHED] |
| James T. Banks, Assistant Warden, | * | |
| East Arkansas Regional Unit; | * | |
| | * | |
| Defendant-Appellee, | * | |
| | * | |
| Equal Employment Opportunity | * | |
| Commission; J. Glover; M. Riley, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  October 21, 2002

Filed:  November 1, 2002

_____

Before WOLLMAN, FAGG, and BEAM, Circuit Judges.
_____

PER CURIAM.

Loretta Page, an Arkansas Department of Correction (ADC) officer, appeals the district court's[*] adverse rulings in her employment discrimination case. Having reviewed the parties' arguments, we affirm.

First, Page contends the district court committed error when it dismissed Page's employment discrimination claims against her supervisors Larry Norris and James T. Banks. Because supervisors are not "employers" for purposes of Title VII liability, the claims against Norris and Banks were properly dismissed. See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998) (supervisors are not individually liable under Title VII).

Second, Page argues the district court committed error when it granted the defendants' motions for summary judgment on her claims of race and sex discrimination, and retaliation. We review a grant of summary judgment de novo, affirming if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See IES Ind., Inc. v. United States, 253 F.3d 350, 351 (8th Cir. 2001) (standard of review). Page contends the ADC discriminated against her on the basis of her race (African-American) and sex (female) when she was transferred from the mailroom back to making rounds throughout the prison (working "shift"). Page, however, cannot establish a prima facie case of race and sex discrimination. See Hill v. St. Louis Univ., 123 F.3d 1114, 1119 (8th Cir. 1997) (elements of prima facie case for Title VII discrimination claim). Page's qualification for the mailroom position is debatable: two audits of the mailroom criticized her

_____

[*]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

performance. Additionally, the move from mailroom to "shift" is not an adverse employment action because Page received the same pay and later received promotions and raises while working "shift." Finally, Page was replaced in the mailroom not by someone outside the protected class, but by another African-American woman.

Page also alleges her transfer from working in the mailroom to working "shift" was retaliation by the ADC for the discrimination-based grievance she filed against her mailroom supervisor. Again, Page fails to establish a prima facie case. See Coffman v. Tracker Marine, L.P.,141 F.3d 1241, 1245 (8th Cir. 1998) (elements of prima facie case for retaliation). Page cannot show the transfer was an adverse employment action, nor can she demonstrate a causal connection between the grievance she filed and her transfer. Thus, the district court properly granted summary judgment on Page's claims of discrimination and retaliation.

Third, Page claims the district court abused its discretion when it denied Page's request to disqualify the Arkansas Attorney General's office as the ADC's counsel. See United States v. Lashley, 251 F.3d 706, 711 (8th Cir. 2001) (standard of review). Page emphasizes the right to conflict-free representation; however, our cases explain that this Sixth Amendment right is held by criminal defendants objecting to their own attorneys, see, e.g., Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (explaining the limitations of this right). These cases are inapplicable to Page, a civil plaintiff objecting to opposing counsel. Although Page can invoke ethical rules that govern Arkansas attorneys' conduct, after reviewing these rules, we conclude the Attorney General's office is free from conflicts which would violate these rules. The district court did not abuse its discretion when it denied Page's motion to disqualify opposing counsel.

Finally, Page argues the district court abused its discretion when it did not allow her to amend her complaint and her other motions under Federal Rule of Civil Procedure 59(e). See Moysis v. DTG Datanet, 278 F.3d 819, 829 n.3 (8th Cir. 2002)

(standard of review). We agree with the district court that Page cannot, after an adverse grant of summary judgment, rely on Rule 59(e) to raise factual arguments she could have raised earlier. <u>Id.</u>

For the reasons stated above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.