# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-1418/1973/2110

_____

| | | |
|---|---|---|
| Frank R. Owens, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Tim Severin; John Ault; Jack Bates, | * | |
| c/o; Donald Schbrenner; Darrell | * | [UNPUBLISHED] |
| Moeller, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 27, 2008
Filed: September 18, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In these consolidated matters, Frank Owens, an inmate at the Iowa State Penitentiary, appeals three separate interlocutory orders of the district court: (1) in No. 08-1418, he challenges the district court's denial of a motion for a preliminary injunction; (2) in No. 08-1973, he challenges the court's denial of a second preliminary injunction motion and denials of motions to amend his complaint and to substitute counsel; and (3) in No. 08-2110, he challenges the court's denial of a "Motion to See a Psychiatrist."

Initially, we note that we have jurisdiction to review the district court's denials of preliminary injunctive relief, see 28 U.S.C. § 1292(a)(1) (courts of appeals have jurisdiction of appeals from district court's interlocutory orders refusing injunctions); Manion v. Nagin, 255 F.3d 535, 538 (8th Cir. 2001) (court has interlocutory appellate jurisdiction over appeal from denial of motion for injunctive relief), and the denial of Owens's motion to substitute counsel, see Slaughter v. City of Maplewood, 731 F.2d 587 (8th Cir. 1984) (holding that a district court's order denying appointment of counsel to a plaintiff in a civil rights case is immediately appealable). However, we do not have jurisdiction to review the district court's denial of Owens's motions to amend his complaint, see Liddell v. Bd. of Educ., 693 F.2d 721, 726 (8th Cir. 1981) (order) (appellate court lacked interlocutory jurisdiction to review denial of motion to amend complaint), or his motion to see a psychiatrist, which was not presented or construed as a motion for injunctive relief, see 28 U.S.C. § 1291 (court of appeals shall have jurisdiction of appeals from district courts' final decisions); Reinholdson v. Minnesota, 346 F.3d 847, 849 (8th Cir. 2003) (district court decision is final if it ends litigation on merits and leaves nothing for court to do but execute judgment).

We conclude that the district court properly denied Owens's motions for a preliminary injunction because the relief he sought was unrelated to the allegations in his complaint, see Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (party moving for preliminary injunction must establish relationship between injury claimed in motion and conduct asserted in complaint because purpose of preliminary injunction is to preserve status quo until court rules on merits; upholding district court's denial of motion for preliminary injunction where motion was based on new assertions of misconduct that were different from claim raised). Accordingly, we affirm the district court's denials of preliminary injunctive relief.

With respect to the denial of Owens's motion to substitute counsel, we note that the district court failed to provide an explanation for its decision. See Taylor v. Dickel, 293 F.3d 427, 430 (8th Cir. 2002) (failure to provide thorough explication of

-2-

reasons for denying substitute counsel may constitute abuse of discretion); Rayes v. Johnson, 969 F.2d 700, 703-05 (8th Cir. 1992) (concluding district court abused its discretion in failing to appoint substitute counsel where, after appointed counsel withdrew and plaintiff requested new counsel, court twice denied request without any apparent explanation; when ruling on motion to substitute counsel, district court must state reasons so appellate court can determine whether it exercised reasoned and well-informed judgment). Because this case remains pending and the record has not been fully developed, we cannot say the court's failure to provide an explanation was harmless. Cf. Taylor, 293 F.3d at 430 (court's failure to provide reason for denying motion for substitute counsel was harmless error because plaintiff's counsel conducted discovery, strenuously cross-examined witnesses, and vigorously argued on his behalf). We therefore remand for the limited purpose of having the district court outline the basis of its decision to deny the motion for substitute counsel. We retain jurisdiction over that portion of the appeal to enable us to review the district court's certified response to our inquiry.

Accordingly, (1) in No. 08-1418, we affirm the denial of preliminary injunctive relief; (2) in No. 08-1973, we affirm the denial of preliminary injunctive relief, and vacate the denial of Owens's attorney-substitution motion and remand, while retaining jurisdiction, the motion for substitution of counsel; and (3) in No. 08-2110, we dismiss for lack of interlocutory jurisdiction Owens's appeal of the denial of his motion to see a psychiatrist. In addition, Owens's motion to proceed IFP on appeal in Nos. 08-1973 and 08-2110 is granted.

_____

-3-