# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3819

_____

David Thomas Kutrip,

             Appellant,

v.

City of St. Louis; Eugene
Stubblefield, Superintendent
of the City of St. Louis Division
of Corrections; Correctional Medical
Services, Inc.,

             Appellees.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the Eastern
\*    District of Missouri.
\*
\*    [UNPUBLISHED]
\*
\*
\*
\*
\*
\*

_____

Submitted: April 28, 2009
Filed: May 4, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.


     David Thomas Kutrip appeals the district court's adverse grant of summary
judgment in his action under 42 U.S.C. § 1983, Title II of the Americans with
Disabilities Act (ADA), and the Rehabilitation Act (RA).[1] While Kutrip cannot seek

_____

[1]Kutrip does not request reversal of the district court's decision to decline the
exercise of supplemental jurisdiction over his state-law negligence and medical

reversal based on the district court's failure to act on his complaints about his appointed counsel, cf. Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (there is no statutory or constitutional right to effective assistance of counsel in civil case), we conclude that the court erred in granting summary judgment on the ADA/RA claims against the City of St. Louis (City) arising from the alleged denial of access to a disabled-accessible shower while Kutrip was incarcerated at the Medium Security Institution (MSI) in 2003, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (de novo review).

Kutrip had to show that he is a qualified individual with a disability--which as the district court noted, defendants did not dispute--and that due to his disability, he was denied participation in, or the benefits of, MSI services, programs, or activities. See Gorman v. Bartch, 152 F.3d 907, 911-12 (8th Cir. 1998) (program or activity includes all operations of public entity); see also Randolph v. Rodgers, 170 F.3d 850, 857-58 (8th Cir. 1999) (recognizing Supreme Court holding that ADA Title II applies to state prisons; cases interpreting ADA or RA are interchangeable). District courts should consider the factors articulated in Turner v. Safley, 482 U.S. 78 (1987), when reviewing ADA/RA claims. See Pierce v. County of Orange, 526 F.3d 1190, 1216-17 & nn. 27-29 (9th Cir.) (in analyzing inmates' rights under RA and ADA, effective prison administration must be considered, and reasonable-relation standard articulated in Turner must be applied), cert. denied, 129 S. Ct. 597 (2008); Gates v. Rowland, 39 F.3d 1439, 1445-47 (9th Cir. 1994) (applicable standard of review of rights under RA in prison setting is equivalent to review of constitutional rights as outlined in Turner).

Kutrip attested or testified that he did not know there was a shower with grab bars, and he was not given a plastic chair to use for support in the shower. The district court cited no legal authority for its conclusion that he could not prevail by professing

malpractice claims after granting summary judgment on the federal claims, but in any event, these claims were dismissed without prejudice.

ignorance that the disabled-accessible shower existed, and the conclusion appears inconsistent with the court's determination that Kutrip was not required to request an accommodation because his disability was obvious. See Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1197 (10th Cir. 2007) (collecting cases for proposition that entity will know of handicapped individual's need for accommodation under ADA when need is obvious). Further, the City's evidence merely indicated that a disabled-accessible shower existed in the housing unit where Kutrip was assigned, not that it was offered to Kutrip; there was conflicting evidence as to whether Kutrip was provided a plastic shower chair, and there was no evidence on whether such a chair would have met ADA/RA requirements; and we cannot conclude from the City's evidence that offering Kutrip a disabled-accessible shower would place an undue burden on MSI staff. See Gorman, 152 F.3d at 912 (ADA defendants may raise affirmative defense that requested accommodation would constitute undue burden requiring fundamental alteration in nature of program, service, or activity). Accordingly, we reverse and remand for further proceedings on the ADA/RA claims against the City arising from the alleged denial of a disabled-accessible shower. In all other respects we affirm for the reasons stated by the district court.

———————————————————