# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3762

_____

Jimmy Shane Cantrell,

          Appellant,

v.

Mike Huckabee, Governor of Arkansas;
Larry Norris, Warden, ADC; Ray
Hobbs, Assistant Director, ADC;
Larry May; Grant Harris, Warden,
Varner Unit; Tim Moncrief, also
known as T. Moncrief; John Doe,

          Appellees.

\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.

\*   [UNPUBLISHED]

_____

Submitted: August 5, 2011
Filed: August 15, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      In this 42 U.S.C. § 1983 action, Arkansas inmate Jimmy Cantrell appeals following the district court's[1] dismissal of an unnamed defendant and adverse partial

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the reports and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

grant of summary judgment, and the district court's[2] adverse judgment following a bench trial. Cantrell claimed that then-governor Mike Huckabee, several Arkansas Department of Correction (ADC) officials and staff, and a John Doe were all deliberately indifferent to the risk that Cantrell would be assaulted in his prison barrack due to the lack of an adequate number of prison staff there. We affirm.

First, we find that the district court did not abuse its discretion in dismissing the John Doe defendant, since Cantrell never identified him, much less served him, during the two years between the filing of his complaint and the district court's order dismissing John Doe. See Fed. R. Civ. P. 4(m); Carmona v. Ross, 376 F.3d 829, 830 (8th Cir. 2004) (per curiam) (standard of review). Second, the court properly granted summary judgment to Huckabee, because there was no trialworthy issue as to whether Huckabee was aware of a substantial risk to Cantrell. See Norman v. Schuetzle, 585 F.3d 1097, 1103-04 (8th Cir. 2009) (standard for finding deliberate indifference); Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (de novo review).

Third, we affirm the district court's judgment in favor of the ADC defendants following the bench trial, see Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth., 339 F.3d 702, 710-11 (8th Cir. 2003) (appellate court reviews findings of fact for clear error and conclusions of law de novo), because the evidence supports the court's findings that these parties lacked the requisite state of mind to be held liable for the attack, see Norman, 585 F.3d at 1104 (official must both be aware of facts from which inference could be drawn that substantial risk of harm exists, and official must draw inference); Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004) (to demonstrate deliberate indifference, inmate must show (1) he faced substantial or pervasive risk of harm; and (2) each defendant knew of and disregarded that risk).

---

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Finally, the court did not abuse its discretion in denying Cantrell's motions to substitute appointed counsel, Cantrell is not entitled to relief in this civil case based on alleged ineffective assistance of counsel, and his claim of judicial bias is meritless. See Scenic Holding, LLC v. New Bd. of Trs. of Tabernacle Missionary Baptist Church, Inc., 506 F.3d 656, 662 (8th Cir. 2007) (discussing judicial bias); Taylor v. Dickel, 293 F.3d 427, 430-31 (8th Cir. 2002) (appointment of counsel)

Accordingly, we affirm the district court's judgment, and we deny Cantrell's motion for appointment of counsel on appeal.

_____