# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1541

———————

Elinda J. Stribling,              *
                                   *
          Appellant,      *
                                   *   Appeal from the United States
     v.                       *   District Court for the
                                   *   Eastern District of Arkansas.
Arkansas State Hospital,     *
                                 *   [UNPUBLISHED]
          Appellee.       *

———————

Submitted: March 7, 2012
Filed:  March 12, 2012

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Elinda Stribling appeals the district court's[1] dismissal under Fed. R. Civ. P. 37 of her employment-discrimination action.  We conclude the dismissal was not an abuse of discretion:  after being warned that failure to comply with the court's discovery order could result in dismissal of her action, Stribling failed to provide full and complete discovery responses and failed to appear for her deposition; and the defendant demonstrated prejudice.  See Sentis Grp., Inc. v. Shell Oil Co., 559 F.3d 888, 898-99 (8th Cir. 2009) (standard of review);  cf. Aziz v. Wright, 34 F.3d 587,

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

588-89 (8th Cir. 1994) (affirming dismissal under Fed. R. Civ. P. 41(b) where pro se plaintiff failed to comply with court's order to allow deposition; finding that violation was willful where plaintiff was warned dismissal would be consequence of continued noncompliance). We also conclude the district court did not abuse its discretion by denying reconsideration, see Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000), and we reject Stribling's arguments that the court erred by appointing specific counsel, cf. Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (no constitutional or statutory right to effective assistance of counsel in civil case), and by failing to "remand" her case to the Equal Employment Opportunity Commission.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____