# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2940

_____

Anthony Nelson,

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction; Greg Harmon, Warden, East Arkansas Regional Unit, ADC; Steve Outlaw, Deputy Warden, East Arkansas Regional Unit, ADC; Paulette Green, Previously Identified as P. Green, Classification Officer, East Arkansas Regional Unit, ADC; William Gay, Mental Health Case Worker, East Arkansas Regional Unit, ADC,

*Defendants - Appellees*,

R. Clemmons, Lt., East Arkansas Regional Unit, ADC; S. DeCoursey, Sgt., East Arkansas Regional Unit, ADC; Hughes, CO-II, East Arkansas Regional Unit, ADC,

*Defendant*s,

Adrian Wallace, Previously Identified as A. Wallace, CO-II, East Arkansas Regional Unit, ADC; April Brandon, Previously Identified as Brandon, Sgt., East Arkansas Regional Unit, ADC,

*Defendants - Appellees*,

Barnes, CO-II, East Arkansas Regional Unit, ADC,

*Defendant*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena
_____

Submitted: April 4, 2013
Filed: April 11, 2013
[Unpublished]
_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Anthony Nelson appeals from the district court's[1] entry of judgment upon an adverse jury verdict in his 42 U.S.C. § 1983 complaint.

Having carefully reviewed the parties' submissions and the record before us on appeal, we conclude that Nelson's claims are not susceptible to meaningful review because he failed to provide a transcript of the trial proceedings. See Fed. R. App. P. 10(b)(1) (discussing appellant's duty to order transcript); Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (where pro se appellant did not order trial transcript, appellate court could not review claim of judicial bias, evidentiary rulings, or sufficiency of evidence). We further conclude that his complaints about his counsel's performance are not a basis for relief in this civil matter. See Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (no constitutional or statutory right to effective assistance of counsel in civil case, even

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

-2-

for plaintiff who had been appointed counsel; proper remedy is action for malpractice).

Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47B.

_____