**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 13-1648
_____

VIRNA M. DANIELS,

              Plaintiff - Appellant,

         v.

ERIC C. BROWN, in his official capacity as Executive
Director of the Housing Authority of Prince George's County;
HOUSING AUTHORITY OF PRINCE GEORGE'S COUNTY,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander Williams, Jr., District
Judge.  (8:11-cv-02938-AW)

_____

Submitted:  November 25, 2013      Decided:  December 16, 2013

_____

Before AGEE, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Virna M. Daniels, Appellant Pro Se.   James T. Massey, RENO &
CAVANAUGH PLLC, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2010, Virna M. Daniels began receiving a monthly housing subsidy from the Homeownership Option of the Housing Choice Voucher Program, 42 U.S.C. § 1437f (West 2012) ("Section 8"). Fourteen months later, Daniels brought suit pursuant to 42 U.S.C. § 1983 (2006) against the Housing Authority of Prince George's County and Eric Brown, its executive director (collectively, "HAPGC"), alleging deprivations of her due process rights and violations of her rights under Section 8, the Department of Housing and Urban Development ("HUD") regulations, and HAPGC's Administrative Plan.[1] Specifically, Daniels alleged that HAPGC deprived her of her due process rights by failing to provide her an informal hearing to challenge the calculation of her 2010 housing subsidy (Counts I and II); and improperly reduced her subsidy by failing to timely process her payment for August 2010 (Count III); using an inflated estimate of her income (Count IV); failing to exclude her son and his income from the household promptly (Count V), and failing to credit her properly for her medical expenses (Count VI).

---

[1] HUD regulations require public housing authorities to adopt written administrative plans. 24 C.F.R. § 982.54(a) (2013).

Daniels filed a partial motion for summary judgment on Counts I, IV, V, and VI. In an order entered on November 20, 2012, the district court granted summary judgment in favor of Daniels as to Count I. The court dismissed Count II as duplicative of Count I and otherwise denied Daniels' motion. The court scheduled a bench trial to determine damages on Count I and liability on the remaining claims.

At the bench trial in March 2013, the district court dismissed Count III as unsupported by the evidence. In an order entered on April 17, 2013, which Daniels now appeals, the district court ordered judgment for Daniels in the amount of $25, comprising $24 in economic damages on Count VI and $1 in nominal damages on Count I. The court ordered judgment in favor of the HAPGC on Counts IV and V. Having thoroughly reviewed the record, we affirm the district court's judgment.

Daniels' claims alleged violations of Section 8, HUD regulations, and HAPGC's Administrative Plan.[2] "We review a judgment resulting from a bench trial under a mixed standard of review — factual findings may be reversed only if clearly

---

[2] The parties in this case do not dispute the district court's determination that Section 8 creates enforceable federal rights under § 1983. Nor does either party dispute the district court's finding of Daniels' right to enforce provisions of HUD regulations and the Administrative Plan that define the housing authority's obligations and have a direct impact on the calculation of her monthly assistance payments.

erroneous, while conclusions of law are examined de novo." Plasterers' Local Union No. 96 Pension Plan v. Pepper, 663 F.3d 210, 215 (4th Cir. 2011). Decisions of a state agency implementing federal law should be afforded deference, in an effort to "uphold the letter of federal law while allowing agencies the discretion to perform their function of reasonably administering the federal program." Clark v. Alexander, 85 F.3d 146, 150 (4th Cir. 1996). Such deference "applies only to the extent the agency's rules are not contrary to the statute or regulation, and that question is one of law for the courts to determine de novo." Ritter v. Cecil Cnty. Office of Hous. & Cmty. Dev., 33 F.3d 323, 328 (4th Cir. 1994). "Once it is determined, however, that a rule is not inconsistent with the statute or regulation, deference is accorded, and a court may not substitute its own interpretation for the agency's if the agency's interpretation is reasonable." Id.

On appeal, Daniels first argues that HAPGC failed to conduct a timely inspection of her residence, in violation of HUD regulations and the Administrative Plan. As the district court held, however, neither 42 U.S.C.A. § 1437f nor HUD regulations provide a time limit within which a housing authority must conduct the required inspection, though they do require that the participant's home pass the inspection prior to issuance of a Section 8 subsidy. 24 C.F.R. § 982.628(a)(4)

4

(2013). Daniel began receiving payments once the inspection requirement was satisfied. Accordingly, we conclude that Daniels' challenge to the timeliness of the inspection lacks merit, as does her claim for $77,000 in damages that she asserts were caused by the delayed inspection.

Daniels argues that HAPGC failed to timely exclude the income of her son from the calculation of her subsidy after he moved out of the residence.[3] Section 7-II.D. of the Administrative Plan provides in relevant part:

> If an adult family member who was formerly a member of the household is reported to be permanently absent, the family must provide evidence to support that the person is no longer a member of the family (e.g., documentation of another address at which the person resides such as a lease or utility bill).

Thus, as the district court determined, HAPGC acted reasonably in requiring a specific type of proof of change in residence. Moreover, Daniels' assertion that HAPGC did not adjust her monthly subsidy for over a year is belied by the record.

Daniels next asserts that in June 2013, she requested a hearing with HAPGC to discuss her housing subsidy. She contends that the district court erred in failing to schedule a

---

[3] Daniels contends that her son's status as a full-time student precluded the inclusion of his income in the subsidy calculation. As this issue was not raised before the district court, however, we decline to consider it in the first instance. See United States v. Edwards, 666 F.3d 877, 887 (4th Cir. 2011); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

hearing and requests that this Court sanction HAPGC. Because Daniels' request for a hearing occurred after the district court issued its order and judgment on April 17, 2013, this claim was not properly before the district court, and we decline to consider it on appeal.

Accordingly, we affirm the judgment of the district court.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

---

[4] Daniels also asserts that her counsel was ineffective in representing her. However, a litigant in a civil action has no constitutional or statutory right to the effective assistance of counsel. Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002).

6