# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2357

_____

Orlando Jones

*Plaintiff - Appellant*

v.

Ian Wallace, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: March 8, 2016
Filed: April 12, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Orlando Jones brought a 42 U.S.C. § 1983 action alleging that Southeast Correctional Center employees failed to protect him from a December 2012

attack by cellmate JE that inflicted serious bodily injuries. The district court[1] granted summary judgment in favor of all defendants. Jones appeals the dismissal of his claims against four defendants, Donna Wigfall, Cheryl Thompson, Daron Hyte, and Warden Ian Wallace. Viewing the facts in the light most favorable to Jones, the non-moving party, we conclude that these defendants are entitled to qualified immunity and therefore affirm. See Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011).

A correctional official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." Curry v. Crist, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[T]he doctrine of qualified immunity requires an *individualized* analysis of each officer's alleged conduct." S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015) (quotation omitted).

Jones and JE were cellmates for approximately two months before the December 2012 attack. Jones testified that they had been cellmates once before, got into a physical altercation in which Jones "got the best of" JE, and agreed to keep quiet about the incident. Prior to the attack, Jones felt that he and JE were getting along but "had a feeling" JE was going to do something to him. Sometime before the attack, Jones submitted "kites" to Thompson and Wigfall that he needed "PC [protective custody] away from [JE]." He received responses from Thompson and

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Hyte that his protective-custody needs "were being met." He also spoke to Thompson and Wigfall when they "made rounds." He said to Thompson, "[C]an I get PC? Please, I need it." He said to Wigfall, "I flew you a kite. Did you get that I flew you about PC away from [JE]." They told him that his protective-custody needs were being met. After the attack, Jones told Warden Wallace, "I was asking for PC from that man." Wallace ignored him.

Unlike the summary judgment record in Young v. Selk, 508 F.3d 868 (8th Cir. 2007), there is no evidence that Jones ever communicated to Thompson, Wigfall, or Hyte a more specific threat or danger. An inmate's complaints of "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994). Although Jones identified JE as an inmate from whom he wanted protective custody, he did not put JE on his "enemy list," and he did not provide Thompson, Wigfall, or Hyte with other information or concerns sufficiently specific to make that official aware that a substantial risk of serious harm existed. Nor is there evidence that any defendant drew that inference. Rather, they cryptically responded that Jones's security needs were being met. "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996). Likewise, there was no evidence that Warden Wallace was aware of and disregarded a serious risk of harm. Accordingly, these four defendants are entitled to qualified immunity from Jones's failure-to-protect damage claims.

Jones's additional contention that summary judgment should be reversed based on the ineffective assistance of his counsel is without merit. See Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002). The judgment of the district court is affirmed.

_____