**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2118**

TESSA CHILDRESS, a/k/a Tessa Rani Raybourne Gibson Carlisle Childress, filed as Tessa Rani Raybourne Gibson Carlisle Childress,

Plaintiff - Appellant,

v.

CITY OF CHARLESTON POLICE DEPARTMENT; LIEUTENANT CHITO T. WALKER; OFFICER SANDERS; OFFICER KOEGLER; SERGEANT RATLIFF; D-O FNU WILSON; D-O FNU DALLAS; D-O FNU GANT,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:13-cv-01225-DCN)

Submitted:  December 19, 2017                    Decided:  December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tessa Childress, Appellant Pro Se.  Christopher Thomas Dorsel, Sandra J. Senn, SENN LEGAL, LLC, Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tessa Childress appeals the district court's order dismissing her 42 U.S.C. § 1983 (2012) civil rights action pursuant to the terms of a settlement agreement. Childress argues on appeal that the district court's judgment should be reversed in light of ineffective assistance from her court-appointed counsel. The Sixth Amendment's guarantee of effective assistance of counsel, however, does not apply to civil actions. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Childress' remedy for any inadequate representation by counsel lies in a malpractice action against counsel, not a reversal of the district court's judgment. *Taylor v. Dickel*, 293 F.3d 427, 431 (8th Cir. 2002); *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001); *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam). Additionally, insofar as Childress contends she was coerced or compelled by the district court and a Defendant into accepting the settlement agreement, she points to nothing in the record supporting this contention, and we find nothing in the record to support it. Childress fails to establish reversible error by the district court, and we therefore affirm its dismissal order. *Childress v. City of Charleston Police Dep't*, No. 2:13-cv-01225-DCN (D.S.C. Sept. 22, 2017). We deny Childress' self-styled "Motion for Rule 11 Making False Statements" and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2